## IN THE COURT OF APPEALS OF THE STATE OF IDAHO

### Docket No. 47356

|  |  |  |
|---|---|---|
| In the Interest of:  Jane Doe I and Jane Doe II, Children Under Eighteen (18) Years of Age. | ) ) ) |  |
| STATE OF IDAHO, DEPARTMENT OF HEALTH AND WELFARE | ) ) | Filed:  December 12, 2019 |
| Petitioner-Respondent, | ) ) | Karel A. Lehrman, Clerk |
| v. | ) ) ) | THIS IS AN UNPUBLISHED OPINION AND SHALL NOT BE CITED AS AUTHORITY |
| JANE DOE (2019-25), | ) ) |  |
| Respondent-Appellant. | ) ) |  |

Appeal from the Magistrate's Division of the District Court of the Fifth Judicial District, State of Idaho, Twin Falls County.  Hon. Calvin H. Campbell, Magistrate.

Judgment terminating parental rights, <u>affirmed</u>.

Marilyn B. Paul, Twin Falls Public Defender; Laura Z. O'Connell, Deputy Public Defender, Twin Falls, for appellant.

Hon. Lawrence G. Wasden, Attorney General; James T. Baird, Deputy Attorney General, Boise, for respondent.

---

GRATTON, Chief Judge

Jane Doe (2019-25) appeals from the judgment terminating her parental rights.  For the reasons set forth below, we affirm.

### I.

### FACTUAL AND PROCEDURAL BACKGROUND

Jane is the mother of six children, none of whom are in Jane's care.  Two of Jane's children, the subjects of this action, were removed from her home after testing positive for methamphetamine.[1]  The petition under the Child Protective Act (CPA) alleged Jane subjected

---

[1]     Other drug-related concerns also informed the decision to remove the children.

1

the children to unstable living circumstances, was using controlled substances, and lacked the means to support them. At a shelter care hearing, the parties stipulated it would be in the best interests of the children to remain in the care of the Department of Health and Welfare (Department). Shortly afterwards, Jane failed to appear at an adjudicatory hearing where the magistrate court determined the children should remain in the Department's care. Jane did not appeal this decision and the children remained in the Department's care for twenty months.

Jane was required to complete a case plan which was designed to reunite her with the children. Jane failed to complete or make any meaningful effort to complete her case plan. Jane did not provide proof she completed the required drug treatment, missed multiple drug tests, relapsed, and admitted to selling controlled substances in lieu of finding legitimate employment. Additionally, Jane was unable to provide housing and remained essentially homeless for the duration of the proceedings.

Following a number of review and permanency hearings which demonstrated Jane had not made any significant progress on her case plan, the Department filed a petition to terminate Jane's parental rights. After trial, the magistrate court issued its decision and entered a final judgment terminating Jane's parental rights on the grounds of neglect and the best interests of the children. Jane timely appeals.

## II.

### STANDARD OF REVIEW

On appeal from a decision terminating parental rights, this Court examines whether the decision is supported by substantial and competent evidence, which means such evidence as a reasonable mind might accept as adequate to support a conclusion. *Doe v. Doe*, 148 Idaho 243, 245-46, 220 P.3d 1062, 1064-65 (2009). In a termination proceeding, due process and the substantial evidence test require the trial court's findings be supported by clear and convincing evidence. *Santosky v. Kramer*, 455 U.S. 745, 769 (1982); *Doe v. Doe*, 143 Idaho 343, 346, 144 P.3d 597, 600 (2006); *State v. Doe*, 143 Idaho 383, 386, 146 P.3d 649, 652 (2006). Clear and convincing evidence is generally understood to be evidence indicating that the thing to be proved is highly probable or reasonably certain. *In re Doe*, 143 Idaho 188, 191, 141 P.3d 1057, 1060 (2006). Further, the magistrate court's decision must be based on objectively supportable grounds. *Doe*, 143 Idaho at 346, 144 P.3d at 600. The appellate court will indulge all reasonable

inferences in support of the trial court's judgment when reviewing an order terminating parental rights. *Doe*, 148 Idaho at 245-46, 220 P.3d at 1064-65.

**III.**

**ANALYSIS**

Jane challenges the magistrate court's decision terminating her parental rights. She argues the magistrate court erred in finding a statutory basis for termination and that termination is not in the best interests of the children. For the reasons set forth below, we affirm the magistrate court's decision.

**A.      Statutory Basis for Termination**

A parent has a fundamental liberty interest in maintaining a relationship with his or her child. *Troxel v. Granville*, 530 U.S. 57, 65 (2000); *Doe v. State*, 137 Idaho 758, 760, 53 P.3d 341, 343 (2002). This interest is protected by the Fourteenth Amendment to the United States Constitution. *State v. Doe*, 144 Idaho 839, 842, 172 P.3d 1114, 1117 (2007). Implicit in the Termination of Parent and Child Relationship Act is the philosophy that, wherever possible, family life should be strengthened and preserved. I.C. § 16-2001(2). Idaho Code § 16-2005 permits a party to petition the court for termination of the parent-child relationship when it is in the child's best interest and any one of the following five factors exist: (a) abandonment; (b) neglect or abuse; (c) lack of a biological relationship between the child and a presumptive parent; (d) the parent is unable to discharge parental responsibilities for a prolonged period that will be injurious to the health, morals, or well-being of the child; or (e) the parent is incarcerated and will remain incarcerated for a substantial period of time. Each statutory ground is an independent basis for termination. *Doe*, 144 Idaho at 842, 172 P.3d at 1117.

The magistrate court found one statutory ground for termination in this case--that Jane neglected the children by failing to complete her case plan. This failure reflected her inability to provide for the basic needs of the children. In reaching this conclusion, the magistrate court noted the significant lack of progress over a substantial amount of time, almost two years. The magistrate court stated:

> [Jane] is today where [she] started; unable to maintain housing and a job. [Jane] has failed to address her drug issues; which in turn makes it difficult/impossible to maintain employment; which makes it difficult/impossible to maintain a stable living/home environment for herself and the Minor Children. . . . We are essentially where we started.

3

The magistrate court's findings that Jane failed to complete the case plan, lacks stable housing and employment, failed to adequately address her drug issues, and failed to provide support for the children are supported by the evidence.

Jane argues she has maintained a close relationship with her children despite her struggle with addiction and that the children behave better when they are with her. These arguments, however, do not negate the evidence of neglect which support the magistrate court's decision. Idaho Code clearly establishes that neglect may be proven by a parent's failure to complete their case plan. I.C. § 16-2002(3). Jane does not deny that over a twenty-month period she made little to no progress on her case plan. Jane makes a number of assertions unrelated to the magistrate court's findings and conclusions which we need not address. The magistrate court's conclusion that there was a statutory basis for termination is supported by substantial and competent evidence.

B.      Best Interests of the Children

Once a statutory ground for termination has been established, the trial court must next determine whether it is in the best interest of the child to terminate the parent-child relationship. *In re Aragon*, 120 Idaho 606, 611, 818 P.2d 310, 315 (1991). When determining whether termination is in the child's best interests, the trial court may consider the parent's history with substance abuse, the stability and permanency of the home, the unemployment of the parent, the financial contribution of the parent to the child's care after the child is placed in protective custody, the improvement of the child while in foster care, the parent's efforts to improve his or her situation, and the parent's continuing problems with the law. *In re Doe*, 159 Idaho 192, 198, 358 P.3d 77, 83 (2015); *In re Doe*, 156 Idaho 103, 111, 320 P.3d 1262, 1270 (2014). A finding that it is in the best interests of the child to terminate parental rights must still be made upon objective grounds. *In re Doe*, 152 Idaho 953, 956-57, 277 P.3d 400, 403-04 (Ct. App. 2012).

The magistrate court found it is in the best interests of the children to terminate the parent-child relationship with Jane in light of her substance abuse, inability to provide a stable home and financial support, or obtain long-term employment. The magistrate court additionally noted why Jane's failure to complete treatment and other aspects of her case plan were troubling:

> After approximately twenty (20) months, the Minor Children are in extreme need of stability and permanency. [Jane is] in no current position to provide that necessary stability and permanency. Whether [she] will be able to do so is in serious doubt given the status of [her] addiction.

4

Because Jane could not provide stability, permanency, or financial support the magistrate court found termination was in the best interests of the children.

Jane argues that the magistrate court abused its discretion. However, she fails to address the findings of the court, assign error to those findings, or make assertions that are relevant to the magistrate court's holding, instead arguing: "There is not a presumption that termination of parental rights is in the best interest of the child just because the child has been in foster care for more than fifteen of the last 22 months." Jane misinterprets the holding. The magistrate court's determination was not based on a presumption that the amount of time triggered parental termination, but instead that the lapse of time cast significant doubt as to whether Jane would ever be able to provide for her children. Additionally, the children are doing much better in foster care. The magistrate court weighed the evidence within the factors relevant to the best interests determination and the finding is supported by clear and convincing evidence in the record.

## IV.

## CONCLUSION

There was clear and convincing evidence that Jane neglected her children, and that terminating her parental rights was in the best interests of the children. Accordingly, the magistrate court's judgment is affirmed.

Judge HUSKEY and Judge LORELLO **CONCUR**.